UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAR BATTLE<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 2:23-03438 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on *pro se* petitioner Jamar Battle's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. For the reasons set forth below, Petitioner's motion is **DENIED**.

**I.   BACKGROUND**

Petitioner was convicted after a jury trial for one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) on February 2, 2019. *See* 2:18-cr-00524, ECF No. 34. The Government introduced evidence from video surveillance that showed Petitioner fired six shots at his girlfriend's friend as she was driving away in a car; one of which struck a five-year-old girl who was in the crosswalk at the time. Presentence Report at ¶¶ 1,3. At the time of the incident, Petitioner had at least four prior felony convictions: two for unlawful drug trafficking and two for illegal gun possession. *Id.* at ¶¶ 32, 35, 36-37. Petitioner was sentenced by this Court to 120 months' imprisonment on December 19, 2019. *See* 2:18-cr-00524, ECF Nos. 54, 55. Petitioner appealed, and the Third Circuit affirmed his conviction. *See United States v. Battle*, No. 20-1042, 2021 WL 3418961 (3d Cir. Aug. 5, 2021). Petitioner did not petition the Supreme Court for a writ of certiorari, therefore, his conviction became final 90 days from the Third Circuit's affirmance: November 3, 2021.

**II.   LEGAL STANDARD**

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the

>maximum authorized by law, or is otherwise subject to collateral
>attack, may move the court which imposed the sentence to vacate,
>set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)), cert. denied 444 U.S. 865, 100 S. Ct. 135, 62 L. Ed. 2d 88 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

Finally, this Court notes its duty to construe pro se pleadings liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

### III. DISCUSSION

Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing that the Third Circuit's recent decision in *Range v. AG United States*, 69 F.4th 96, 98 (3d Cir. 2023), which itself applied a recent Supreme Court decision, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), invalidates his conviction. *Bruen* held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 2122. *Range* held that pursuant to *Bruen*, § 922(g)(1) was unconstitutional as applied to the specific litigant in that case. Importantly, the Third Circuit in *Range* held that "[o]ur decision today is a narrow one. Bryan Range challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to him given his violation of 62 Pa. Stat. Ann. § 481(a)." 69 F.4th 96, 106 (3d Cir. 2023). The United States responded, arguing Petitioner's claim is barred by the statute of limitations and, in any event, Petitioner's second amendment challenge is meritless. ECF No. 4. The Court agrees.

#### A. Petitioner's Motions are Untimely and Petitioner has Presented no Basis for Equitable Tolling

Petitioner's § 2255 Motion must be dismissed as untimely because it has been brought more than a year after his sentence became final, and Petitioner had notice and an opportunity to respond to the issue of timeliness. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. *See* 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year limitation period runs from the latest of:

>(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Petitioner was convicted by a jury on February 2, 2019, *see* 2:18-cr-00524, ECF No. 34, and sentenced by this Court on December 19, 2019, *see id.*, ECF Nos. 54, 55. Petitioner filed a Notice of Appeal on December 23, 2019 and the Third Circuit Court of Appeals dismissed the appeal on August 5, 2021. *Id.* ECF Nos. 63, 64. Petitioner's conviction becomes final when certiorari is denied or when the time for filing a petition for certiorari expires, which is 90 days from the entry of judgment or denial of a rehearing petition. *Clay v. United States*, 537 U.S. 522, 525-32 (2003). Therefore, Petitioner's judgment became final 90 days from August 5, 2021, or November 3, 2021, as the Government correctly notes. For statute of limitations purposes, Petitioner had until November 3, 2022 to file this present motion. Petitioner has filed this motion approximately 7 months after the statutory deadline under AEDPA.

Petitioner is similarly not entitled to equitable tolling. To receive the benefit of such tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). None of these circumstances are present. Petitioner is similarly not entitled to any of the other potentially applicable limitations extending provisions like 28 U.S.C. § 2255(f)(3), which allows the limitation period to be measured from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although Petitioner invoked the Third Circuit's decision in *Range*, *Range* itself applied a Supreme Court decision, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* announced a new Second Amendment rule that applies retroactively on collateral review, and although Petitioner filed his § 2255 motion within one year of the date *Bruen* was issued (June 22, 2022), *Bruen* did not announce a new Second

3

Amendment Rule applicable to § 922(g)(1).[1] *Bruen* simply involved the invalidation of a New York state licensing scheme that imposed special burdens on citizens seeking concealed carry permits, not the invalidation of the possession of a firearm by a convicted felon statute under § 922(g)(1). *Range*, similarly, does not restart the one-year period under § 2255(f)(3). Therefore, Petitioner's Motion is **DENIED** as untimely.

### B. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists could not conclude that the issues presented here are adequate to deserve encouragement to proceed further and accordingly **DENIES** a certificate of appealability.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: September 28, 2023

---

[1] This Court, following Judge Ambro's concurrence in *Range*, and numerous recent pronouncements by the Supreme Court, does not view *Range* as casting doubt on the presumptive lawfulness of 18 U.S.C. § 922(g)(1); rather, *Range* "speaks only to [Range's] situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like." 69 F.4th at 110 (Ambro, J., concurring); *see also District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008) ("nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons"); *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) (noting that the decision does not "disturb[] anything that [the Court] said in Heller . . . about restrictions that may be imposed on the carrying of guns"); *see also id.* at 2162 (Kavanaugh, J., concurring) (emphasizing that "the Second Amendment allows a 'variety' of gun regulations," and *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons" (citation omitted)).

4